IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ERIC FLORES, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | EP-11-CV-260-FM |
| | § | |
| PAUL McDOUG, UNITED STATES | § | |
| ATTORNEY GENERAL, EL PASO | § | |
| POLICE DEPARTMENT, | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING PLAINTIFF'S COMPLAINT

Before the Court is Plaintiff Eric Flores's ("Flores") *pro se* application to proceed *in forma pauperis*. In his application, Flores, a state prisoner in the Pueblo County Detention Center in Pueblo, Colorado, asks the Court to allow him to proceed—without prepaying costs or fees—with a complaint under the Federal Tort Claims Act.[1] In his complaint, Flores alleges unnamed government employees have directed genetic-code-altering satellite transmissions from outer space at Mexican-American citizens. Flores maintains these transmissions have resulted in severe injuries to him and to his relatives. Flores suggests he would like to join members of his family as co-plaintiffs or to obtain class-action certification for this complaint.

Flores has not provided the required "certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."[2] Moreover, Flores has made three prior attempts to pursue similar claims in the

---

[1] Compl. 1 [ECF No. 1].

[2] 28 U.S.C.A. § 1915(a)(2) (West 2011).

federal courts.³ In each case, his complaints were dismissed as frivolous.⁴ Further, Flores has a lengthy history of vexatious filings in the El Paso Division, and he has disregarded clear warnings that "additional attempts to file frivolous complaints, motions, or other documents will result in . . . sanctions."⁵ In *Flores v. Wiles*, EP-10-CV-285-KC, the Honorable Kathleen Cardone required Flores to obtain permission from a district judge before filing any additional complaints in the El Paso Division. In *Flores v. United States Attorney General*, EP-11-CV-158, the Honorable David Briones imposed a $350.00 sanction on Flores, reminded him that all previously imposed sanctions were still in effect, and warned him that additional attempts to file frivolous complaints, motions, or other documents could result in further sanctions. In the

---

³ *Flores v. U.S. Atty. Gen.*, EP-11-CV-173-FM (W.D. Tex., May 18, 2011); *Flores v. U.S. Atty. Gen.*, EP-11-CV-116-PRM (W.D. Tex. Mar. 31, 2011); *Flores v. U.S. Atty. Gen.*, SA-11-CA-199-XR, 2011 WL 1486569 (W.D. Tex. Apr. 19, 2011).

⁴ *Id.*

⁵ *Flores*, EP-11-CV-116-PRM at p. 8. *See also Flores v. U.S. Atty. Gen.*, EP-11-CV-173-FM (W.D. Tex. May 18, 2011 ) (dismissing complaint as frivolous and warning Flores that all previously-ordered filing restrictions remained in full force); *Flores v. U.S. Atty. Gen.*, EP-10-CV-256-PRM, 2010 WL 5540951 (W.D. Tex. Sep. 29, 2010) (dismissing complaint as frivolous and sanctioning Flores for frivolous filings); *Flores v. Atty. Gen. of Texas*, EP-10-CV-65-PRM, 2010 WL 5540950 (W.D. Tex. Sept. 29, 2010) (dismissing complaint as frivolous); *Flores v. Wiles*, EP-10-CV-258-KC (W.D. Tex. Aug. 9, 2010) (dismissing complaint as frivolous and sanctioning Flores for frivolous filings); *Flores v. Child Protective Services*, EP-10-CV-66-KC, 2010 WL 743504 (W.D. Tex. Mar. 1, 2010) (dismissing claims as frivolous); *Flores v. Anti-Government Group*, EP-10-CV-53-KC (W.D. Tex. Mar. 1, 2010) (dismissing claims as frivolous); *Flores v. Flores*, EP-10-CV 60-DB (W.D. Tex. Feb. 22, 2010) (dismissing a habeas corpus claim brought on behalf of his brother); *Flores v. U.S. Atty. Gen.*, EP-10-CV 59-DB (W.D. Tex. Feb. 22, 2010) (dismissing claims as frivolous), *aff'd*, 378 F.App'x 473 (5th Cir. 2010); *Flores v. Wiles*, EP-10-CV-27-FM (W.D. Tex. Jan. 28, 2010) (dismissing a petition for habeas corpus because Flores failed to exhaust his administrative remedies); *Flores v. Wiles*, EP-10-CV-26-KC, 2010 WL 376538 (W.D. Tex. Jan. 27, 2010) (construing a petition for a writ of habeas corpus as a civil rights complaint and dismissing it); *Flores v. Sheriff Wiles*, EP-09-CV-32-FM, 2009 WL 536543 (W.D. Tex. Feb. 9, 2009) (dismissing a writ of habeas corpus because Flores failed to exhaust his administrative remedies); *Flores v. El Paso County Sheriff's Dept.*, EP-08-CV-124-KC, 2008 WL 2944561 (W.D. Tex. July 16, 2008) (dismissing a writ of habeas corpus because Flores was not in custody at the time he filed his petition); *Flores v. El Paso County Sheriff's Dept.*, EP-06-CA-419-KC (W.D. Tex. July 25, 2007) (dismissing a civil rights complaint for failure to state a claim on which relief may be granted).

instant case, Flores did not seek leave of the Court to pursue this complaint. Furthermore, although Flores purports to represent ten plaintiffs in his lawsuit, he has not demonstrated that he is a licensed attorney authorized to represent others, and no other listed plaintiff has signed the complaint or otherwise indicated an intent to become a party in the case. Additionally, Flores has submitted no basis by which the Court may conclude that any of the other plaintiffs satisfy the financial requirements to proceed *in forma pauperis*. Accordingly, the Court finds that it should deny Flores's application.

To the extent that Flores seeks certification of this lawsuit as a class-action, his request fares no better. In order for a district court to certify a lawsuit as a class action, the movant must prove the prerequisites found in Federal Rule of Civil Procedure 23.[6] Under Rule 23(a), an action may be maintained as a class action if it meets the criteria of numerosity, commonality, typicality and adequacy of representation.[7] Under Rule 23(b), "'[c]ommon questions must predominate over any questions affecting only individual members,' and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'"[8] A district court has wide discretion in deciding whether or not to certify a proposed class.[9] Here, because Flores is a prisoner acting *pro se* and, for the reasons discussed below, his complaint is frivolous, "his ability to serve as an adequate representative of the class is dubious."[10] Flores's motion for class-action certification must be denied.

---

[6] *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir.1999).

[7] *Mc. Grew v. Texas Bd. Of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

[8] *Mullen*, 186 F.3d at 624 (citing *Anchem Products v. Windsor*, 521 U.S. 591, 615 (1997)).

[9] *McGrew*, 47 F.3d at 161; *see also Mullen*, 186 F.3d at 624.

[10] *McGrew*, 47 F.3d at 162.

In his complaint, Flores alleges diplomats from another nation have solicited a group of unnamed executive employees of the Government who reside in Washington, D.C., to use advanced technologies to direct genetic-code-altering satellite transmissions from outer space at Mexican-American citizens. These transmissions, according to Flores, have resulted in severe injuries to him and to his relatives. Further, Flores asserts when he sought evidence to prove these transmissions had injured him and his immediate relatives, the executive employees traveled to El Paso, incarcerated him, and prevented him from communicating with the Court. Finally, he claims these same executive employees arranged for Defendant Paul McDoug, an El Paso Police officer, to instigate a physical altercation with his brother, Javier Flores, which resulted in his brother's ultimately death. These claims are clearly fanciful, fantastic, delusional, and, therefore, baseless. The Court will accordingly dismiss them as frivolous.[11]

Therefore, after due consideration, the Court enters the following orders:

1. The Court **DENIES** Plaintiff Eric Flores's *pro se* application to proceed *in forma pauperis*.

2. The Court **DIRECTS** the District Clerk to file Plaintiff Eric Flores's complaint.

3. The Court **DENIES** Plaintiff Eric Flores's motion for class-action certification.

---

[11] 28 U.S.C.A. § 1915A(b)(1) (West 2011); *cf. Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) ("Title 28 U.S.C. § 1915(d) allows a litigant to commence an action in federal court *in forma pauperis* (IFP) if he is unable to afford the cost of litigation. To ensure that this provision is not abused, Congress authorized district courts to dismiss an IFP proceeding under § 1915(d) 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.' A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process and before or after the defendant's answer.").

4. The Court **DISMISSES WITH PREJUDICE** Plaintiff Eric Flores's complaint under the Federal Tort Claims Act as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).

5. The Court **BARS** Plaintiff Eric Flores from filing any further complaints, petitions or other documents in the El Paso Division without first satisfying the $350.00 monetary sanction imposed in *Flores v. United States Attorney General*, EP-11-CV-158, and obtaining the permission of a district judge to proceed.

6. The Court **ADVISES** Plaintiff Eric Flores that this dismissal counts as a "**STRIKE**" for the purposes of 28 U.S.C. § 1915.[12] The Clerk will therefore provide a copy of this Order to the District Clerk for the Eastern District of Texas, Tyler Division, Attention: *Pro Se* Clerk, 211 West Ferguson, Tyler, Texas 75702. *Flores has now accumulate three strikes while incarcerated.*[13] *Therefore, he may be denied* in forma pauperis *status, and required to pay the full filing fee, when filing additional civil actions or appeals, unless he demonstrates that he is in imminent danger of serious physical injury.*[14]

---

[12] *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.")

[13] *See Flores v. U.S. Atty. Gen.*, EP-10-CV-256-PRM, 2010 WL 5540951 (W.D. Tex. Sep. 29, 2010) (dismissing complaint as frivolous and sanctioning Flores for frivolous filings); *Flores v. El Paso County Sheriff's Dept.*, EP-06-CA-419-KC (W.D. Tex. July 25, 2007) (dismissing a civil rights complaint for failure to state a claim on which relief may be granted).

[14] *See id.*

7. The Court **DENIES** all pending motions, if any, as moot.

**SO ORDERED.**

**SIGNED** on this _12_ day of July, 2011.

_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**